**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF MICHIGAN**

ALEXANDER MINNEHAN,
Plaintiff,

v

ALLISON SEPECZI,
MOLLIE BOOKIE, and
CHLOE VANSINGEL,
Defendants.

CASE NO. 26-cv-2227

Honorable Robert J. Jonker

Collin H. Nyeholt (P74132)
LAW OFFICE OF CASEY D. CONKLIN, PLC
4780 Okemos Rd, Ste 2,
Okemos, MI 48864
(517) 522-2550
collin@caseydconklin.com

Jade S. Doty (P88620)
SCHOLTEN FANT
Attorneys for Defendant Mollie Bookie
100 N. Third Street
Grand Haven, MI 49417
(616) 842-3030
jdoty@scholtenfant.com

**DEFENDANT MOLLIE BOOKIE'S BRIEF IN SUPPORT OF HER RULE 12(b)(6) MOTION TO DISMISS**

Defendant Mollie Bookie, by and through her attorneys, SCHOLTEN FANT, submits this Brief in Support of her Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and states as follows:

## I. INTRODUCTION

Plaintiff seeks to hold Defendant Mollie Bookie ("**Bookie**") liable for the recording and publication of an alleged video, defamation, false imprisonment, and intentional infliction of emotional distress ("IIED"). However, the Complaint pleads no facts showing what Bookie personally did to support any of those claims.

Instead, Plaintiff relies on collective allegations that "Defendants" acted together and conclusory assertions that Bookie "knew," "approved," "ratified," "participated," or "conjured together" with others. The Complaint alleges no specific communication, agreement, defamatory statement, threat, restraint, publication-related act, or extreme and outrageous conduct by Bookie.

The video-related and IIED allegations are especially deficient. Plaintiff alleges that Sepeczi posted the video and that Bookie "co-starred," helped procure it, knew of Sepeczi's intent to post it, and approved or ratified that conduct. But Plaintiff pleads no facts showing how Bookie knew of any plan to publish the video, what she did to approve or ratify publication, or how her own conduct was extreme and outrageous under Michigan law.

Plaintiff's false-imprisonment allegations are similarly generalized. Although Plaintiff claims that "Defendants" lured him to Vansingel's apartment and prevented him from leaving, the Complaint identifies no statement, threat, act of restraint, or agreement by Bookie showing that she participated in any confinement.

Fed. R. Civ. P. 8 and the Supreme Court cases *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) require pleadings to allege defendant-specific facts. A complaint relying on allegations that constitute mere labels, conclusions, or group pleading fails to state plausible claims for relief. Plaintiff's claims against Bookie for defamation, false imprisonment, IIED, or any alleged role in the video's publication are conclusory and lack the specificity Fed. R. Civ. P. 8, *Twombly*, and *Iqbal* require. All claims against Bookie should therefore be dismissed under Rule 12(b)(6).

## II. **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible

on its face." *Twombly*, 550 U.S. at 570. A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" is insufficient. *Id*. at 555. While the Court must accept well-pleaded factual allegations as true, it is not required to accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A claim is plausible only when the pleaded factual content permits the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

Fed. R. Civ. P. 8 requires a complaint to contain “a short and plain statement of the claim showing that the pleader is entitled to relief.” This standard requires factual allegations showing what each defendant allegedly did to incur liability. Conclusory allegations against a collectively referenced “Defendants” without specific factual support as to each defendant’s individual conduct are insufficient to survive dismissal under a Fed. R. Civ. P. 12(b)(6) motion. See *Iqbal*, 556 U.S. at 678.

## III. ARGUMENT

### A. Plaintiff’s Complaint Should be Dismissed for Pleading Mere Conclusions Regarding Defendant Mollie Bookie’s Participation and Failing to Allege the Specific Facts Necessary for a Plausible Claim of Relief

Plaintiff alleges that Bookie “knew” Sepeczi intended to publish the subject video online or on social media, and that Bookie “approved, ratified, and participated” in Sepeczi’s conduct. (Compl. ¶ 33, PageID.8). But the Complaint alleges no facts explaining how or when Bookie supposedly learned of any publication plan, what statement Bookie made indicating approval, what conduct constituted ratification, what agreement involved Bookie, what communications occurred between Bookie and the other Defendants, or what action Bookie took to facilitate publication of the video.

Plaintiff also alleges that Bookie "co-starred" in Sepeczi's video. (Compl. ¶ 33, PageID.8). The Complaint, however, does not allege that Bookie recorded the video, directed or controlled the recording, edited it, owned or controlled the account that published it, published or republished it, instructed anyone to publish it, or benefited from its publication. Plaintiff also did not attach the video to the Complaint or otherwise provide factual support showing Bookie "co-starring" in it.

A complaint that rests on conclusory allegations or a bare recitation of elements, without supporting factual enhancement, does not satisfy the plausibility standard required to survive a Rule 12(b)(6) motion. See *Twombly*, 550 U.S. at 555, 570; *Iqbal*, 556 U.S. at 678. The Sixth Circuit likewise holds that a "complaint's factual allegations must be enough to raise a right to relief above the speculative level," and that "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Omnicare, Inc. Securities Litigation*, 769 F.3d 455, 469 (6th Cir. 2014).

Paragraph 33 does not plausibly allege Bookie's participation in the wrongful conduct underlying Plaintiff's claims. Without supporting facts specific to Bookie, the allegations are conclusory labels insufficient under Rule 8. Merely appearing in the video or being present at the apartment where it was recorded is not the same as participating in a plan to record the video, directing its creation, planning its publication, or authorizing its dissemination. Accordingly, these allegations fail to state a claim upon which relief can be granted.

### B. Plaintiff's Complaint Should Be Dismissed for Impermissibly Relying Upon Group Pleading

The Complaint collectively attributes conduct to all Defendants in each cause of action but fails to identify any specific act by Bookie that would support liability against her.

The Supreme Court and Sixth Circuit require factual allegations sufficient to give each defendant fair notice of the claims against that defendant and the grounds on which those claims

rest. A complaint does not satisfy Fed. R. Civ. P. 8 by grouping multiple defendants together and attributing collective conduct to all of them without identifying each defendant's specific role. See *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Here, Plaintiff attempts to impute Sepeczi's and Vansingel's alleged conduct to Bookie through generalized assertions that Bookie "knew," "approved," "ratified," "participated," or "conjured together" with the other Defendants. But the Complaint does not plead facts showing what Bookie personally said or did, what agreement she allegedly joined, what communication she had with the other Defendants, what act she took to publish or disseminate the video, what defamatory statements she made or published, or how she participated in any restraint of Plaintiff.

Those allegations are precisely the type of collective and conclusory pleading that *Twombly* and *Iqbal* reject. Because Plaintiff does not connect Bookie to any specific actionable conduct, the Complaint fails to give Bookie fair notice of the factual basis for the claims against her and fails to state a plausible claim for relief. Plaintiff's claims against Bookie should therefore be dismissed under Rule 12(b)(6).

**C. Plaintiff Fails to State a Plausible Defamation Claim Against Bookie**

Plaintiff's defamation claim fails because the Complaint does not allege facts showing that Bookie made, published, or republished any defamatory statement concerning Plaintiff.

Under Michigan law, a plaintiff claiming defamation must prove the following elements of defamation: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication (publication) of the statement to a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either defamation per se or special harm caused by the publication. See *Mitan v. Campbell*, 706 N.W.2d 420, 421 (Mich. 2005); *Smith v. Anonymous Joint Enterprise*, 793 N.W.2d 533, 540 (Mich. 2010). Michigan courts have long held that these

"elements must be specifically pleaded, including allegations with respect to the defamatory words, the connection between the plaintiff and the defamatory words, and the publication of the alleged defamatory words." *Gonyea v. Motor Parts Federal Credit Union*, 480 N.W.2d 297, 299 (Mich. App. 1991). Claims of defamation that do not offer any specific connection between the alleged statements and the defendants fail to state a claim upon which relief may be granted. *Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.*, 495 N.W.2d 392, 396 (Mich. App. 1992). Mere labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Twombly*, 550 U.S. at 555-70; *Iqbal*, 556 U.S. at 678.

Here, Plaintiff alleges that Defendants collectively called Plaintiff a "cheater," "whore," and "slut." (Compl. ¶ 20, PageID 5). But the Complaint does not specifically plead the defamatory words allegedly spoken by Bookie, the connection between Bookie and those words, or the publication of those words by Bookie. Instead, Plaintiff groups Bookie with Sepeczi and Vansingel and alleges only that "[t]hey verbally called him a 'cheater' and a 'whore.'" (Compl. ¶ 20, PageID 5). The Complaint does not identify what Bookie individually said, when she said it, or to whom she published it.

The Complaint also fails to plead facts establishing publication by Bookie. Although Plaintiff alleges elsewhere that a video was posted online, he does not attach the video, identify any specific defamatory statement in the video, or allege facts connecting Bookie to publication of any defamatory words. The Complaint does not allege that Bookie posted, uploaded, shared, republished, edited, controlled, or disseminated the video, nor does it allege that Bookie owned or controlled the social media account through which the video was allegedly published.

Plaintiff instead relies on conclusory assertions that Bookie "ratified" or "authorized" the recording and publication of the video. The Complaint fails to plead specific connections between

Bookie and the publication of the alleged video. The Complaint contains no facts explaining how Bookie authorized publication, when that authorization occurred, what Bookie said or did to communicate authorization, or how Bookie's conduct specifically connected her to publication of any defamatory statement.

At most, Plaintiff asks the Court to infer Bookie's liability from her alleged presence, alleged appearance in a video, and alleged association with the other Defendants. That is insufficient under Michigan and Federal law. Because Plaintiff does not plead the specific defamatory words attributable to Bookie, Bookie's connection to those words, or any publication by Bookie, the defamation claim against her remains speculative and should be dismissed.

Therefore, Plaintiff's cause of action for defamation against Bookie should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### D. Plaintiff's False Imprisonment Claim Fails to Allege Specific Facts Showing Defendant Mollie Bookie Participated in Any Restraint of Plaintiff.

Plaintiff's cause of action for False Imprisonment against Bookie should be dismissed for failure to plead specific facts demonstrating that Bookie committed an intentional act that led to the restraint of Plaintiff.

Under Michigan law, the elements of false imprisonment are as follows: (1) an act committed with the intention of confining another; (2) the act directly or indirectly results in such confinement; and (3) the person confined is conscious of his confinement. *Moore v. City of Detroit*, 652 N.W.2d 688, 691 (Mich. App. 2002). Federal courts have dismissed false imprisonment claims against multiple defendants for failing to allege specific acts taken by each individual defendant, stating that a "single broad allegation that could conceivably be understood to apply to the non-[acting] Defendants fails to allege the intent of each of those Defendants (and what act each

committed with that intent), as required." *Kolley v. Adult Protective Services*, 786 F.Supp.2d 1277, 1297 (E.D. Mich. 2011). This reasoning follows the pleading rule established in *Twombly* and *Iqbal*: a complaint must plead sufficient factual matter to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

Further, merely being present at the scene where the restraint of an individual took place is insufficient to establish liability. Claims of false imprisonment fail when the allegations do not specifically allege that the defendant did any act that resulted in the detention or restraint of another. See *Willoughby v. Lehbrass*, 388 N.W.2d 688, 702 (Mich. App. 1986) (holding that a teacher who walked a student to the principal's office and left soon after could not be liable for false imprisonment claims stemming from the principal's refusal to let the student leave his office). Also, Michigan courts have consistently recognized that false imprisonment is an intentional tort that requires conduct that actually effects or contributes to the restraint of another's liberty and that liability arises only when a defendant personally participates in, directs, procures, or otherwise contributes to the unlawful confinement. See *Lewis v. Farmer Jack Div., Inc.*, 327 N.W.2d 893, 903 (Mich. App. 1982).

Plaintiff's Complaint groups the Defendants in his cause of action for False Imprisonment, stating that "the Defendants conspired together" "to lure Plaintiff to Vansingel's apartment under false pretenses" and "prevented him from leaving by threatening him with damage to his vehicle." (Compl. ¶ 48, PageID.11). However, paragraph 21 specifically states that "Vansingel told him, 'you can't leave; these guys will do something to your car if you do.'" (Compl. ¶ 21, PageID.5).

These allegations fail to plead any specific facts showing that Bookie committed an intentional act that resulted in the restraint of Plaintiff's personal liberty or freedom of movement. The only alleged statement that could arguably support a false-imprisonment theory is attributed

to Vansingel, not Bookie. (Compl. ¶ 21, PageID.5). As in *Kolley*, Plaintiff's broad allegation that "Defendants" acted collectively does not identify what act Bookie committed, what intent Bookie allegedly possessed, or how Bookie's own conduct directly or indirectly caused Plaintiff's confinement. And consistent with *Willoughby* and *Lewis*, Bookie's alleged presence at the apartment, without facts showing that she personally participated in, directed, procured, threatened, or otherwise contributed to any restraint, is insufficient to impose liability for false imprisonment. Plaintiff's claim therefore depends on precisely the type of conclusory group pleading prohibited by *Twombly* and *Iqbal*.

Accordingly, Plaintiff's false imprisonment claim against Bookie remains speculative and should be dismissed under Rule 12(b)(6).

### E. Plaintiff Fails to State an Intentional Infliction of Emotional Distress Claim Against Bookie

Plaintiff's intentional infliction of emotional distress ("IIED") claim against Bookie should be dismissed because the Complaint fails to plead specific facts showing that Bookie engaged in extreme and outrageous conduct. Instead, Plaintiff relies on conclusory allegations that attempt to hold Bookie liable for Sepeczi's alleged posting of the video online and on social media.

Under Michigan law, to establish intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *Lewis v. LeGrow*, 670 N.W.2d 675, 689 (Mich. App. 2003). Liability attaches only when a plaintiff can demonstrate that the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Graham v. Ford*, 604 N.W.2d 713, 716 (Mich. App. 1999). A defendant is not liable for "mere insults, indignities,

threats, annoyances, petty oppressions, or other trivialities." *Doe v. Mills,* 536 N.W.2d 824, 833 (Mich. App. 1995).

Plaintiff's Complaint alleges specific facts regarding Sepeczi's actions in relation to the posting of the alleged video online. (Compl. ¶ 23-31, PageID.6-8). The only allegations regarding Bookie state that she helped "procure" the video, "knew" it was Sepeczi's intention to post the video online, and that she "approved, ratified, and participated" in Sepeczi's attempt to damage Plaintiff's reputation and cause him extreme embarrassment and emotional distress. (Compl. ¶ 23, 33, PageID.6,8-9).

Those allegations are insufficient to state an IIED claim against Bookie. Although Plaintiff pleads detailed allegations concerning Sepeczi's alleged posting of the video, the Complaint does not plead comparable facts showing that Bookie personally engaged in extreme and outrageous conduct. The allegation that Bookie helped procure the video, knew of Sepeczi's alleged intent, or generally approved, ratified, and participated in Sepeczi's conduct is not supported by factual allegations identifying Bookie's specific acts.

The Complaint does not allege when Bookie learned of any plan to post the video online, what Bookie allegedly said or did to approve publication, how Bookie ratified Sepeczi's conduct, or what conduct constituted Bookie's participation in the publication. It does not allege that Bookie uploaded, shared, edited, disseminated, or controlled the video, owned or controlled the social media account, directed Sepeczi to publish it, or otherwise caused its publication. Without those facts, Plaintiff's allegations remain labels and conclusions, not plausible factual allegations that Bookie herself committed outrageous conduct.

Nor does the allegation that Bookie was present for, appeared in, or helped procure the video bridge that gap. Those allegations do not establish that Bookie participated in Sepeczi's later

publication of the video or that Bookie engaged in conduct so extreme in character and degree as to be actionable under Michigan law. Plaintiff may not infer IIED liability from Bookie's alleged association with Sepeczi or from Sepeczi's alleged publication absent facts showing Bookie's own intentional or reckless misconduct.

The IIED count therefore suffers from the same pleading defect addressed throughout this motion: it groups Bookie with Sepeczi and Vansingel while omitting defendant-specific facts. Under *Twombly* and *Iqbal*, conclusory assertions that Bookie knew, approved, ratified, or participated in another defendant's conduct do not permit a reasonable inference of liability where the Complaint does not plead the facts supporting those conclusions. Even apart from the conclusory allegations that Bookie participated in or ratified Sepeczi's conduct, any IIED claim based on statements allegedly made by Bookie fails because, under Michigan law, mere insults are not extreme and outrageous conduct.

Accordingly, Plaintiff fails to plead facts establishing extreme and outrageous conduct by Bookie, intent or recklessness by Bookie, causation attributable to Bookie, or severe emotional distress resulting from Bookie's own actions. Plaintiff's intentional infliction of emotional distress claim against Bookie should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Complaint fails to state any plausible claim for relief against Bookie. The Complaint relies on conclusory group pleading and unsupported assertions that Bookie knew of, approved, ratified, or participated in conduct allegedly committed by others, and it does not plead facts showing Bookie's personal involvement in the recording or publication of the video, any defamatory publication, any restraint of Plaintiff, or any extreme and outrageous conduct. Accordingly, Defendant Mollie Bookie respectfully requests that this Court

dismiss all claims against her pursuant to Fed. R. Civ. P. 12(b)(6), together with any other relief the Court deems just and proper.

Respectfully Submitted,
**SCHOLTEN FANT**

Dated: August 25, 2026

s/ Jade S. Doty
Jade S. Doty (P88620)
Attorney for Defendant, Mollie Bookie
100 N. Third Street
Grand Haven, MI 49417
(616) 842-3030
jdoty@scholtenfant.com