# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDAR MINNEHAN,<br><br>Plaintiff,<br><br>v.<br><br>ALLISON SEPEZCI, MOLLIE BOOKIE, AND CHLOE VANSINGEL,<br><br>Defendants. | Case No. 1:26-cv-2227<br><br>Hon. Robert J. Jonker |
| Collin H. Nyeholt (P74132)<br>LAW OFFICES OF CASEY D. CONKLIN, PLC<br>Attorney for Plaintiff<br>4780 Okemos Road, Ste 2<br>Okemos, MI 48864<br>(517) 522-2550<br>collin@caseydconklin.com | Austin J. Beaudet (P87045)<br>Donald H. Smith (P65339)<br>WILLIS LAW<br>Attorneys for Defendant Sepeczi<br>491 W. South Street<br>Kalamazoo, MI 49007<br>(269) 492-1040<br>abeaudet@willis.law<br>dsmith@willis.law<br><br>Jade S. Doty (P88620)<br>SCHOLTEN FANT<br>Attorney for Defendant Brooke<br>100 N. Third Street<br>Grand Haven, MI 49417<br>(616) 842-3030<br>jdoty@scholtenfant.com<br><br>Kellen J. Dykstra (P86491)<br>Christopher M. Wirth (P70174)<br>CORE LEGAL PLC<br>Attorneys for Defendant VanSingel<br>180 Monroe Ave NW Ste 405<br>Grand Rapids, MI 49503<br>(616) 855-2145<br>cwirth@corelegalplc.com |

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES Defendant, Allison Sepeczi, by and through her attorneys, WILLIS LAW, and in support of her Answer to Complaint states the following:

## JURISDICTION AND VENUE

1. This is a claim for violation of Michigan's common law as between multiple diverse parties.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

2. Plaintiff ALEXANDER MINNEHAN is a permanent resident of the State of New York. While he has lived temporarily as a student in the State of Michigan, he has maintained a permanent residence in New York and intends to return to New York following the completion of his education. He is therefore a New York domiciliary.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

3. Defendant ALLISON SEPECZI is currently a resident of Allendale, Michigan. Upon information and belief, she maintains a permanent residence in River Grove, Illinois and intends to return to same upon completion of her education. She currently has, and at the time of the events in the complaint had, neither residence nor permanent physical or legal presence in the state of New York. She therefore may be either a Michigan or Illinois domiciliary. In the alternative, there is no basis to conclude that she is, or at the time of any of the events in this Complaint was, a New York domiciliary.

**ANSWER: Defendant Sepeczi admits this allegation as true.**

4. Defendant MOLLIE BOOKIE is, and at the time of all events described in this Complaint, was a permanent resident of Holland, Michigan. She currently has, and at the time of the events in the complaint had, neither residence nor permanent physical

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

or legal presence in the state of New York. She therefore is a Michigan domiciliary. In the alternative, there is no basis to conclude that she is, or at the time of any of the events in this Complaint was, a New York domiciliary.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

5. Defendant CHLOE VANSINGEL maintained a certain apartment in Allendale, Michigan at which the events described to follow occurred. She, upon information and belief, currently resides in Zeeland, Michigan. She currently has, and at the time of the events in the complaint had, neither residence nor permanent physical or legal presence in the state of New York. She therefore is a Michigan domiciliary. In the alternative, there is no basis to conclude that she is, or at the time of any of the events in this Complaint was, a New York domiciliary.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

6. Complete diversity exists between the Plaintiff, a New York domiciliary, and the Defendants, none of whom are New York domiciliaries.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

7. This claim stems from Defendants' actions towards Plaintiff that occurred in Allendale, Michigan.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

8. The Court may exercise subject matter jurisdiction over the claims, which

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

exceed $75,000 in value, pursuant to 28 USC § 1332.

ANSWER: **This assertion calls for a legal conclusion to which no response is required; however, to the extent that an answer is required, Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

9. Venue is properly laid in this court pursuant to 28 USC § 1391(b)(2).

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

## ALLEGATIONS

10. Plaintiff, as of 2024, was a student at Calvin University in Grand Rapids, Michigan.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

11. In or about March of 2024, Plaintiff met Defendant SEPECZI. Plaintiff and SEPECZI socialized and went on several dates together. But Plaintiff consistently told her, both verbally and in written text messages, that he did not view their relationship as an exclusive, romantic relationship.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

12. SEPECZI told Plaintiff several times that she had a history of mental illness, including diagnoses for anxiety and other conditions. Plaintiff observed unstable and erratic behavior from SEPECZI.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

13. In or about July of 2025, and due to her behavior, Plaintiff elected to

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

discontinue his interactions with SEPECZI. He proceeded to "block" her from texts, social media, and other communication methods.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

14. SEPECZI responded to Plaintiff's rebuff by launching into a vengeful, organized, and ongoing scheme, coordinated with others, to cause him extreme emotional distress and irreparable damage to his reputation.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

15. Plaintiff had, on one occasion, dated Defendant MOLLIE BOOKIE. However, they were never in any way, shape, or form in a committed long-term romantic relationship.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

16. Plaintiff thought that he was a social friend with Defendant CHLOE VANSINGEL. However, there was never a romantic connection or interest to her at all.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

17. In or about August of 2025, Plaintiff returned to school in Grand Rapids for the fall semester.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

18. On August 17th, 2025, Plaintiff received a text message from Defendant CHLOE VANSINGEL inviting him to a supposed "back to school party" at her apartment in Allendale, Michigan. Plaintiff agreed to attend.

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

19. When Plaintiff arrived, he observed multiple individuals in the apartment including a heavyset male, a thinner male with a scruffy beard, and a heavyset female, none of whom he had met before and whose names he did not know.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

20. Plaintiff went into the living room area of the apartment. He was then accosted by SEPECZI, BOOKIE, and VANSINGEL all wearing coordinated black dresses. They proceeded to confront him with several printouts from social media exchanges he and they had been involved in. They verbally called him a "cheater" and a "whore." They caused all of this to be audio and video recorded, despite his protestations.

**ANSWER: Defendant Sepeczi admits that Plaintiff entered the living room area of Defendant VanSingel's apartment. Defendant Sepeczi admits that Defendant Bookie, Defendant Sepeczi, and Defendant VanSingel were wearing black party dresses. Defendant Sepeczi further admits that there was a confrontation with Plaintiff after Defendant Sepeczi and Defendant Bookie discovered that Plaintiff had been dating both women at the same time. Defendant Sepeczi and Defendant Bookie confronted Plaintiff regarding this discovery and supported their statements with information, including information contained in the alleged "printouts." Defendant Sepeczi admits that the incident was recorded. Defendant Sepeczi denies that Plaintiff was "accosted" and denies the remaining allegations**

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

**in Paragraph 20 to the extent they are inconsistent with the foregoing.**

21. After the recording ended, Plaintiff stated that he would like to leave. Ms. VANSINGEL told him, "You can't leave; these guys will do something to your car if you do." Plaintiff then was forced into the back room with VANSINGEL, who proceeded to berate him for several minutes about how he needed to "reevaluate his life choices."

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation as she left the apartment immediately after the recording ended and leaves Plaintiff to his proofs.**

22. After he was finally permitted to leave VANSINGLE's apartment, Plaintiff was quite shaken and in a state of significant emotional distress. He began sweating profusely, and experienced shortness of breath and acute chest pain consistent with a heart attack. He proceeded to the emergency room at Trinity Health in Grand Rapids. Given his symptoms, medical staff proceeded to give him multiple electrocardiograms and two different troponin tests to rule out heart attack. At 4:20 AM, he was released after it was confirmed that this was a panic attack, as opposed to a more severe cardiac incident.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

23. SEPECZI, using the account name "@allieballie73," proceeded to post the video she, BOOKIE, and VANSINGLE had procured on the social media website TikTok. She captioned the video "Girls stay safe, his name is Alex Minnehan!" She added a tag to the video labeling it as "to catch a cheater." She also "hash tagged" the

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

video with "#rochesternewyork," "#cheaterwesternmichigan" and "#calvinuniversity" which would cause this video specifically to be shown to persons at Plaintiff's home city and college. All of this was designed to cause maximum adverse impact to Plaintiff's reputation and emotional state.

**ANSWER: Defendant Sepeczi admits that she posted the video on TikTok, but denies the remainder of the allegations as untrue.**

24. She has subsequently re-posted the same video under other usernames.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

25. The video the Defendants posted received over a thousand views and dozens of comments.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

26. Defendant SEPECZI, using the moniker "allieballie73," has made numerous false and defamatory statements about Plaintiff on the website "snapchat." She claimed, knowingly falsely, that "we actually were exclusively talking from March 2024 to this July like end of July. [sic]." She went on to falsely state that "we were together for more than a year" and she "found out he was cheating like the entire time[.]"

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

27. SEPECZI also stated, again falsely, that Plaintiff "was trying to get with a girl going into her senior year of high school who is 17." In the states of Arizona, California, Delaware, Florida, Idaho, Kentucky, North Dakota, Oklahoma, Oregon, Tennessee, Utah, Virginia, and Wisconsin, where the age of consent is 18, this would

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

amount to attempted statutory rape, a criminal act.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

28. SEPECZI has also made numerous false statements about Plaintiff on "the Tea App" under the username "peachypeach78877." She has used this social media program to create an individualized profile, bearing Plaintiff's image and likeness, to contact others who may be in contact with him for purposes of dating. She has continually made false and knowingly untruthful statements about Plaintiff through the app which are designed to cause others to ostracize him socially. For instance, on one occasion, she claimed through the Tea app that Plaintiff "told me we were exclusive and I should delete all apps." On another, she claimed that Plaintiff is a "Cheating slut. [W]as with him for a year and he was having sex with over ten girls :( loves freshly 18 virgins and makes girls fee bad ab them having a body when he was over 11-23. [M]ade me feel horrible after the fact saying we were never anything and now wants to sue me for warning a 17 year old[.] [sic]"

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

29. Plaintiff has had others with whom he has corresponded reference Ms. SEPECZI's various false statements through her various online actions. Some of these individuals have cited same as a reason for discontinuing social contact with him.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

30. Given the ongoing nature of Ms. SEPECZI's conduct, it is reasonably believed, and herein alleged, that she has made other similar false statements as to Plaintiff's sexual infidelity which are presently unknown but will be found through

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

discovery.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

31. Plaintiff has had persons he knows from his hometown refer to the various false statements Ms. SEPECZI has made and discussed herein. They have cited these as reasons for discontinuing social contact with him.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

32. Plaintiff has suffered ongoing humiliation, embarrassment, and social ostracization as a direct and proximate result of Defendants' false statements.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

33. Defendant BOOKIE and VANSINGLE knew it was SEPECZI's intention to post this video publicly in an attempt to damage Plaintiff's reputation and cause him extreme embarrassment and emotional distress. BOOKIE and VANSINGLE approved, ratified, and participated in this action on SEPECZI'S part. They co-starred in her revenge video. And, Defendant VANSINGLE volunteered her apartment for the ambush, and personally lured Plaintiff to be present for it.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

34. Plaintiff has suffered and will continue to suffer significant and ongoing emotional distress as a direct and proximate result of Defendants' actions described herein.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

35. Prior to August 17, 2025, Plaintiff had no history of anxiety, depression, or mental illness of any kind whatsoever.

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

36. On August 26, 2025, Plaintiff was seen by Calvin University's Center for Counseling and Wellness. He was diagnosed with adjustment disorder with mixed anxiety and depressed mood, DSM-5 code F43.23. This diagnosis is characterized by development of clinically significant emotional symptoms (both anxiety and depression) in response to an identifiable stressor, occurring within 3 months of the stressor and causing impairment in functioning. Here, the stressor was the August 17, 2025, event described herein.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

37. Plaintiff has been prescribed anti-depressants as a result of his diagnosis.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

38. Plaintiff has incurred, and will continue to incur, medical expenses for treatment of the conditions that have resulted from Defendants' wrongful actions described herein.

**ANSWER: Defendant Sepeczi lacks the knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiff to his proofs.**

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

## COUNT 1 – DEFAMATION

39. Plaintiff incorporates by reference the factual statements and legal assertions contained in the previous numbered paragraphs as if fully restated herein.

**ANSWER: Defendant Sepeczi repeats and incorporates by reference each of the**

**responses contained within the preceding paragraphs as if fully set forth herein.**

40. Defendants, as more fully detailed previously, have knowingly and intentionally accused Plaintiff of "cheating" on them, and being a "slut" and a "whore" by engaging in untoward sexual behaviors while in a committed relationship with them. These statements were knowingly and intentionally false or made with reckless indifference to the truth.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

41. A person who heard the Defendants' statements would reasonably understand them to assert that Plaintiff had engaged in behaviors evidencing a lack of chastity, which amounts to defamation per se at Michigan law.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

42. Defendant SEPECZI has also accused Plaintiff of attempting to engage in statutory rape of a 17-year-old, a criminal act, which is also defamation per se.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

43. The Defendants knew, or should have known, that the statements they made were false. In the alternative, the Defendants acted with reckless disregard to whether the statements were true. The Defendants therefore made these statements with bad faith and ill will.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

44. Plaintiff has suffered, and will continue to suffer, damage to his reputation and resulting social ostracization because of Defendants' false statements and therefore has demonstrated defamation per quod.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

45. Reasonably careful persons in Defendants' position would not have falsely stated that Plaintiff had "cheated" or otherwise acted in a "slutty" or "whorish" manner when, in fact, this had not occurred. The Defendants, therefore, were at least negligent in making the false statements identified herein.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

46. Plaintiff has suffered severe, ongoing, and demonstrable emotional distress as a result of Defendants' actions towards him. He suffered a severe panic attack, and symptoms mimicking a heart attack, on the night of August 17, 2025. And, he has been diagnosed with adjustment disorder with mixed anxiety and depressed mood, DSM-5 code F43.23, stemming from the ongoing online bullying and harassment.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

**COUNT 2 – FALSE IMPRISONMENT**

47. Plaintiff incorporates the factual statements and legal conclusions contained in the previous numbered statements as if fully restated herein.

**ANSWER: Defendant Sepeczi repeats and incorporates by reference each of the responses contained within the preceding paragraphs as if fully set forth herein.**

48. On August 17th, 2025, the Defendants conspired together with currently unknown persons to lure Plaintiff to VANSINGLE's apartment under false pretenses. Once there, they prevented him from leaving by threatening him with damage to his vehicle.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

49. Defendants, by these actions, subjected Plaintiff to an unlawful restraint of his personal liberty and freedom of movement for an appreciable period of time.

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

50. Plaintiff was imprisoned; that is, he was detained or confined by the Defendants and thereby deprived of his personal freedom or freedom of movement.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

51. The Defendants' restraint of Plaintiff's movement was carried out by an implied threat of physical force, given the presence of the numerous unnamed males at the apartment.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

52. The Defendants intended to restrain Plaintiff's movement and restrain him from leaving the apartment for an appreciable period of time.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

53. The Defendants' restraint of Plaintiff's movement was against his will.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

54. Plaintiff had neither committed a felony in Defendants' presence, nor had they been summoned by a peace officer to assist in making his arrest and, therefore, they had no right as a private citizen to detain his movement.

**ANSWER: Defendant Sepeczi denies that she detained Plaintiff's movement, but lacks the knowledge and information sufficient to form a belief as to the truth of the remainder of the allegation and leaves Plaintiff to his proofs.**

55. The Defendants' restraint of Plaintiff's freedom of movement was unlawful.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

## COUNT 3 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. Plaintiff incorporates the factual statements and legal conclusions contained

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

in the previous numbered statements as if fully restated herein.

**ANSWER: Defendant Sepeczi repeats and incorporates by reference each of the responses contained within the preceding paragraphs as if fully set forth herein.**

57. Defendants conspired together to lure Plaintiff to VANSINGEL'S apartment under false pretenses, ambushed him with a video recorder, falsely accused him of being a "whore" and a "slut," falsely imprisoned him, and then proceeded to post the video of this online for the world to see.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

58. All of this was done with the purpose and intent of causing Plaintiff extreme emotional distress and permanent damage to his reputation.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

59. The Defendants' conduct was extreme and outrageous.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

60. The Defendants' conduct has caused Plaintiff severe and ongoing emotional distress, as detailed previously.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

61. The Defendants' conduct caused Plaintiff damages as described herein.

**ANSWER: Defendant Sepeczi denies this allegation as untrue.**

## AFFIRMATIVE DEFENSES

Defendant, Allison Sepeczi, by and through her attorneys, WILLIS LAW, states the following Affirmative Defenses:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

Willis Law
ATTORNEYS & COUNSELORS
491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

2. Plaintiff's defamation claim is barred, in whole or in part, because the statements attributed to Defendant Sepeczi were true or substantially true.

3. Plaintiff's defamation claim is barred, in whole or in part, to the extent the alleged statements constitute opinion, rhetorical hyperbole, or other expressions that are not reasonably capable of being proven true or false.

4. Plaintiff's defamation claim is barred, in whole or in part, because the alleged statements, when considered in their full context, are not reasonably capable of a defamatory meaning.

5. Defendant Sepeczi did not make or publish certain statements attributed to her in the Complaint and is not liable for statements or publications made independently by third parties.

6. Plaintiff cannot establish that any statement or conduct of Defendant Sepeczi was the actual or proximate cause of the damages alleged in the Complaint.

7. Plaintiff's alleged damages were caused, in whole or in part, by Plaintiff's own conduct, preexisting circumstances, subsequent events, or the acts or omissions of persons or entities over whom Defendant Sepeczi had no control.

8. Plaintiff failed to take reasonable steps to avoid, minimize, or mitigate his alleged damages, and any recovery must therefore be reduced accordingly.

9. Plaintiff cannot establish the elements of false imprisonment against Defendant Sepeczi because Defendant Sepeczi did not restrain, confine, detain, or prevent Plaintiff from leaving Defendant VanSingel's apartment, nor did Defendant Sepeczi use or threaten force to restrain Plaintiff's movement.

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

10. Plaintiff cannot establish that Defendant Sepeczi intended to confine or restrain Plaintiff or that any act of Defendant Sepeczi caused Plaintiff to reasonably believe that he was not free to leave.

11. Plaintiff's claim for intentional infliction of emotional distress fails because Defendant Sepeczi's alleged conduct was not so extreme and outrageous as to satisfy the requirements for such a claim.

12. Plaintiff cannot establish that Defendant Sepeczi intended to cause severe emotional distress or acted with recklessness sufficient to support a claim for intentional infliction of emotional distress.

13. Plaintiff cannot establish that Defendant Sepeczi's alleged conduct actually or proximately caused severe emotional distress or the injuries and damages alleged in the Complaint.

14. Plaintiff's claims for damages are barred or limited to the extent they are speculative, remote, unsupported, duplicative, or not proximately caused by any actionable conduct of Defendant Sepeczi.

15. Defendant Sepeczi is entitled to allocation of fault and all other limitations or reductions of damages available under applicable Michigan law to the extent Plaintiff's alleged injuries were caused by Plaintiff or other persons or entities.

16. Defendant Sepeczi reserves the right to assert additional affirmative defenses that may become apparent through discovery and further investigation of Plaintiff's claims.

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW

Respectfully submitted,
**WILLIS LAW**

Dated: 9/21/2026 By: */s/ Austin J. Beaudet*

Austin J. Beaudet (P87045)
Donald H. Smith (P65339)
WILLIS LAW
Attorneys for Defendant Sepeczi
491 W. South Street
Kalamazoo, MI 49007
(269) 492-1040

Willis Law
ATTORNEYS & COUNSELORS

491 WEST SOUTH STREET
KALAMAZOO, MICHIGAN 49007
OFFICE: 269 / 492-1040
616 / 301-7177
TOLL FREE: 800 / 610-6938
FAX: 269 / 492-1042
WWW.WILLIS.LAW